UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 07 2234**

-------------------------------------------------------------------X

CAROLE DANTUONO,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN - 1 2007   ★

LONG ISLAND OFFICE

                    Plaintiff,                                    **COMPLAINT**

        *(S.J.)*

    - against -                                                   Index No.:

DAVIS VISION, INC. and HEATHER N. REYNOLDS,

                    Defendants.

                                                    PLATT, L

                                                    BOYLE, M

-------------------------------------------------------------------X

Plaintiff, **CAROLE DANTUONO**, by and through her attorneys, **FRANK & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1.  Plaintiff brings this civil action seeking monetary damages based upon defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12101, *et seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. EXEC. LAW §296 *et seq.* (McKinney 1993 and 2001 supp.), and other appropriate rules, regulations, statutes and ordinances.

## II.    JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1331 and 42 U.S.C. § 12117.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3.  This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391 because the Defendant Davis maintains offices within the State of New York, County of Suffolk.

4.  This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

5.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity
        Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the
        receipt of a Notice of Right To Sue, issued by the EEOC on May 9, 2007, a true and accurate
        copy of which is attached hereto as Exhibit "A".

### III. PARTIES

6.      Plaintiff, **CAROLE DANTUONO**, was at all times relevant herein, a domiciliary of the
        State of New York residing in Suffolk County.

7.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 42
        U.S.C. § 2000e(f), 42 U.S.C. §12111(4) and a "person" within the meaning of Section 292(1)
        of the NYSHRL, Section 8-102(1) of the NYCHRL and Section 89-13 of the Laws of
        Suffolk County.

8.      At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability"
        within the meaning of 42 U.S.C. §12111(8) and Plaintiff has suffered from a "disability"
        within the meaning of Section 292(21) of the NYSHRL, Section 8-102(16) of the NYCHRL.

9.      Upon information and belief, at all times relevant to the Complaint, Defendant, **DAVIS
        VISION, INC.,** (hereinafter "Davis") is a business corporation existing under the laws of the
        State of New York, with offices located in Nassau County, New York.

10.     Upon information and belief, at all times relevant to the Complaint, Defendant does business
        in the State of New York in the County of Nassau at 159 Express Street, Plainview, New
        York.

11.     At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5), 292(5) of the NYSHRL, Section 8-102(5) of the NYCHRL.

12.     Upon information and belief, at all times relevant to the Complaint, Defendant, **HEATHER REYNOLDS,** (hereinafter "Reynolds") was Plaintiff's supervisor.

13.     Upon information and belief, and at all times relevant to the Complaint, Defendant employed more than fifteen (15) employees.

## IV.  FACTS

14.     Plaintiff repeats and alleges each and every allegation contained herein.

15.     Plaintiff began her employment with Davis in or about September 1998 as the Administrative Assistant to the Chief Financial Officer.

16.     At or around the end of 2005, Plaintiff was transferred to the Legal Department as a Legal Assistant to Counsel.

17.     Throughout the term of her employment with Defendant, Plaintiff performed her job in an satisfactory manner and received positive reviews of her job performance.

18.     Plaintiff became pregnant in or about February of 2006.

19.     Plaintiff notified her supervisor, Heather N. Reynolds, of her pregnancy at or around the end of February, 2006.

20.     During her pregnancy, Plaintiff was restricted from performing certain tasks by her physician because she was susceptible to miscarriage.

21.     Plaintiff suffered from vomiting and vaginal bleeding during her pregnancy.

22.    Plaintiff was able to perform the duties of her position with reasonable accommodation and intermittent FMLA leave during her pregnancy.

23.    Plaintiff's condition impaired her ability to bend and lift.  However, the essential functions of Plaintiff's position did not require bending and lifting.

24.    Since apprising Supervisor Reynolds of her pregnancy, Plaintiff was treated in a manner different than she had been treated prior to informing Defendant of her pregnancy.

25.    Shortly after Plaintiff informed Ms. Reynolds of her pregnancy, Reynolds modified Plaintiff's job description to require heavy lifting and bending.

26.    After Plaintiff informed Ms. Reynolds of her pregnancy, Plaintiff was subjected to harassment and disparate treatment which included, but not limited to, Ms. Reynolds assigning Plaintiff additional work, intentionally refusing to speak with her directly, the drafting of negative evaluations of Plaintiff's work performance and criticism her via email, refusing to give Plaintiff proper and adequate work instruction, the communication of false negative comments about Plaintiff to other Supervisors, and belittling Plaintiff in the presence of co-workers.

27.    Plaintiff complained to Human Resources about Reynolds, but no steps were taken to end the discrimination and harassment.

29.    In addition, Reynolds attempted to coerce Plaintiff to resign her position with Davis.

30.    Plaintiff refused to resign and was thereafter terminated.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act - Disability Discrimination)

31.    Plaintiff repeats and realleges each and every allegation contained herein.

32.     Plaintiff has been discriminated against by Defendants on the basis of her perceived disability as a result of her pregnancy in violation of the ADA, by Defendants engaging in a course of conduct which included attempting to coerce Plaintiff to resign and thereafter terminating and/or refusing to reinstate Plaintiff's employment because of her disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the termination and/or refusal to reinstate.

33.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

34.     As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

35.     The conduct of the Defendants was outrageous and done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(Title VII – Sex and Pregnancy Discrimination; Unlawful Termination)

36.     Plaintiff repeats and realleges each and every allegation contained herein.

37.     Plaintiff has been discriminated against by Defendant on the basis of her sex and pregnancy in violation of Title VII, in that Defendant engaged in a course of conduct which included wrongfully discharging Plaintiff from employment because of Plaintiff's pregnancy.

38.     As a proximate result of Davis's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

39.     As a further proximate result of Davis's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental and consequential damages and expenses.

40.     The conduct of Davis was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys fees from Davis in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Title VII – Hostile Work Environment)

41.     Plaintiff repeats and realleges each and every allegation contained herein.

42.     Plaintiff has been harassed by Defendant on the basis of her sex and pregnancy in violation of Title VII, in that Defendant engaged in a course of conduct which created unequal working conditions and a hostile work environment.

43.     Defendant knew or should have known about the harassment of Plaintiff.

44.     Defendant failed or refused to take reasonable action to correct the harassment of Plaintiff and hostile work environment.

45.     As a proximate result of Defendant's harassment, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

46.     As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other

incidental and consequential damages and expenses.

47.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys fees from Defendant in an amount to be determined at trial

## FOURTH CLAIM FOR RELIEF
(NYSHRL - Gender and Pregnancy Discrimination)

48.   Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth at length herein.

49.   Plaintiff has been discriminated against by Defendant on the basis of her gender and pregnancy in violation of the NYSHRL, in that Defendant engaged in a course of conduct which included wrongfully discharging Plaintiff from employment because of Plaintiff's pregnancy.

50.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

51.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

52.   The conduct of Defendant was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL – Retaliation)

53.   Plaintiff repeats and realleges each and every allegation contained herein.

54.   Plaintiff has been retaliated against by Defendant on the basis of her complaints of pregnancy discrimination in violation of the NYSHRL.

55.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

56.   As a further and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

57.   The conduct of Defendant was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to relief and an award of compensatory damages in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(NYSHRL - Aiding and Abetting)

58.   Plaintiff repeats and realleges each and every allegation contained herein.

59.   The foregoing discriminatory practices pleaded above were aided and abetted by, and with the full knowledge and consent of Defendant Reynolds, in violation of Section 296(6) of the NYSHRL.

60.   As a result of the Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

61.   Defendant Reynolds aided and abetted in the disability and pregnancy discriminatory practices against the Plaintiff in violation of Section 296(6) of the NYSHRL and therefore, the Plaintiff is entitled to relief.

## DEMAND FOR JURY TRIAL

62.    Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendants herein alleged, Plaintiff demands:

     a.      that Plaintiff be made whole in the form of back pay and afforded all benefits which would have been afforded Plaintiff but for said discrimination;

     b.      Defendant be ordered to compensate, reimburse and make the Plaintiff whole for compensatory damages in an amount to be determined at trial;

     c.      Defendant be ordered to pay Plaintiff punitive damages in an amount to be determined at trial;

     d.      Defendant be ordered to pay Plaintiff prejudgment interest;

     e.      Defendant be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

     f.      For such other and further relief as may be just and proper.

Dated: Farmingdale, New York
       May 30, 2007

                              FRANK & ASSOCIATES, P.C.
                              Attorneys for Plaintiff

                    By:      _____
                              Ilana L. Deutsch, Esq. (ID 7327)
                              500 Bi-County Blvd. Suite 112N
                              Farmingdale, New York 11735
                              (631) 756-0400

# EXHIBIT A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Carole Dantuono**
**293 Radio Avenue**
**Miller Place, NY 11764**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-00988** | **Patricia M. Araujo,** Investigator | **(212) 336-3681** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*05/09/07*

**Spencer H. Lewis, Jr.,**
**Director**

*(Date Mailed)*

Enclosures(s)

cc: **DAVIS VISION**
**Director, Human Resources**
**159 Express Street**
**Plainview, NY 11803**

**Ilana Deutsch, Esq.**
**500 Bi-County Blvd., #112N**
**Farmingdale, NY 11735**

**c/o Matthew B. Halpern, Esq., Jackson Lewis LLP**